UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

REDYS PADRON,

    Plaintiff,

vs.

AMERICAN SUSHI, LLC, a Florida limited liability company, THE SUSHI SPOT, LLC, a Florida limited liability company, and WALTER ZAPATA, an individual,

    Defendants.
_____/

COMPLAINT

## COMPLAINT

COMES NOW Plaintiff REDYS PADRON ("Plaintiff" or "Padron"), who was an employee of Defendants AMERICAN SUSHI, LLC, d/b/a Obba Sushi, a Florida limited liability company ("American Sushi"), THE SUSHI SPOT, LLC, d/b/a Obba Sushi & More, a Florida limited liability company ("Sushi Spot"), and WALTER ZAPATA, an individual ("Zapata") (together, "Defendants"), and files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), 29 C.F.R. § 531.35, and for a declaration of rights.

1. This action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.

2. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II.    JURISDICTION AND VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

4. This Court has original jurisdiction over Plaintiff's federal question claims.

## III.    PARTIES

5. Plaintiff REDYS PADRON ("Padron") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

6. Defendant AMERICAN SUSHI, LLC is a Florida limited liability company that has owned and operated Obba Sushi restaurant ("Obba Sushi"), located at 200 Southeast 15th Road, Miami, Miami-Dade County, Florida.

7. Defendant THE SUSHI SPOT, LLC is a Florida limited liability company that has owned and operated Obba Sushi & More restaurant ("Obba Sushi & More"), located at 2525 Ponce de Leon Boulevard, Coral Gables, Miami-Dade County, Florida.

8. Defendant WALTER ZAPATA ("ZAPATA"), an individual and *sui juris*, was the owner and manager of Obba Sushi and Obba Sushi & More (together, "Obba"), the restaurants at which Plaintiff was employed. ZAPATA acted directly and indirectly in the interest of Obba. ZAPATA managed Obba and had the power to direct employees' actions.  ZAPATA had management responsibilities, degree of control over Obba's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at

2

the Restaurant in accordance with the FLSA making Defendant WALTER ZAPATA an employer pursuant to 29 USC § 203(d).

## IV. COVERAGE

9. During all material times, Defendant AMERICAN SUSHI, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During all material times, Defendant THE SUSHI SPOT, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

12. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

13. Defendants operated restaurants known as Obba Sushi, located at 200 Southeast 15th Road, Miami, Miami-Dade County, Florida and Obba Sushi & More, located at 2525 Ponce de Leon Boulevard, Coral Gables, Miami-Dade County, Florida.

3

14. Padron worked as a tipped employee ("server") for Defendants from March, 2015, approximately, to March, 2016. As the maximum statute of limitations under the FLSA is three years, the Relevant Time Period is between April 29, 2013 and April 29, 2016.

15. During the Relevant Time Period, the applicable Florida minimum wage was $7.79 per hour in 2013, $7.93 per hour in 2014, and $8.05 per hour in 2015 and 2016.

16. During the Relevant Time Period, the applicable Florida minimum overtime wage was $11.685 per hour in 2013, $11.895 per hour in 2014, and $12.075 per hour in 2015 and 2016.

17. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

18. To utilize the tip credit under the FLSA, the employer must pay its servers the proper minimum and overtime wage for servers and allow its servers to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its servers the full applicable minimum and overtime wage.

19. Plaintiff was required to share his tips with employees who worked positions that were not customarily and regularly tipped ("non-tipped employees"), such as management, cooks and cashiers, in an illegal tip-sharing scheme in violation of the Act.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

20. The tips paid by Plaintiff to non-tipped employees were kick-backs paid to others for Defendants' benefit, and thus lowered the Plaintiff's wages, free and clear, below the minimum for servers. 29 C.F.R. § 531.35.

21. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

22. Plaintiff was not paid at the overtime rate because Defendants would require him to shuttle between locations to avoid overtime.

23. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Plaintiff the minimum wage, free and clear, for each regular hour worked and the overtime wage, free and clear, for each overtime hour worked.

24. Because of the institution and maintenance of the illegal tip-sharing scheme and tip credit violations, scheduling Plaintiff between both locations to attempt to avoid paying overtime, and the lack of notice required, Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtimes wages under the FLSA.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

26. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

27. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which servers shared their tips with non-tipped employees.

28. Defendants willfully and intentionally forced Plaintiff to kick-back a portion of his tips directly or indirectly to Defendants, or to others for Defendants' benefit.

29. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

30. By forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage, free and clear, for each hour worked up to forty hours in a week.

31. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, and for not providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff REDYS PADRON demands judgment in his favor and against Defendants AMERICAN SUSHI, LLC, THE SUSHI SPOT, LLC, and WALTER ZAPATA, jointly and severally, as follows:

a) Award to Plaintiff for payment of all regular hours at the full minimum wage, free and clear, for which Defendants claimed the tip credit;

b) Award to Plaintiff liquidated damages equal to the payment of all regular hours at the full minimum wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## <u>FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*</u>

32. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

33. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which servers shared their tips with non-tipped employees.

34. Defendants willfully and intentionally forced Plaintiff to kick-back a portion of his tips directly or indirectly to Defendants, or to others for Defendants' benefit.

35. Defendants willfully and intentionally scheduled Plaintiff at both restaurant locations and paid all hours over forty in a week at the straight tipped-employee minimum rate.

36. By forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, for paying Plaintiff below the overtime wage rate for hours worked in excess of forty per week, and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full overtime wage, free and clear, for each hour worked in excess of forty hours in a week.

37. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, and for not providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff REDYS PADRON demands judgment in his favor and against Defendants AMERICAN SUSHI, LLC, THE SUSHI SPOT, LLC, and WALTER ZAPATA, jointly and severally, as follows:

    a) Award to Plaintiff for payment of all hours worked in excess of forty per week at the full overtime wage, free and clear, for which Defendants claimed the tip credit;

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

    b) Award to Plaintiff liquidated damages equal to the payment of all overtime hours at the full overtime wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

    c) Award to Plaintiff reasonable attorneys' fees and costs; and

    d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

38. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein, and further alleges as follows:

39. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

40. Defendants did not rely on a good faith defense in forcing Plaintiff to share tips with non-tipped employees, to kick-back tips directly or indirectly to Defendants or to others for Defendants' benefit, or to work for less than the statutory minimum overtime wage for servers, under the FLSA.

41. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

42. Plaintiff is currently employed by Defendants.

43. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

8

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

WHEREFORE Plaintiff REDYS PADRON demands the entry of judgment in his favor and against Defendants AMERICAN SUSHI, LLC, THE SUSHI SPOT, LLC, and WALTER ZAPATA, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 4th day of May, 2016.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **May 4, 2016**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:   **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320

**PADRON v. AMERICAN SUSHI, LLC, THE SUSHI SPOT, LLC & ZAPATA**
Case No.:

**Service List**

**Robert W. Brock II, Esq.**
Bar No. 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
PrimaryEmails:robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808