## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASES

The parties to this Confidential Settlement Agreement and Release, (hereinafter "Agreement") are Redys Padron and Jorge Zapata (hereinafter referred to as "Plaintiffs"), and American Sushi, LLC, The Sushi Spot, LLC, and Walter Zapata (hereinafter referred to as "Defendants"), and they stipulate and agree as follows:

WHEREAS Plaintiffs filed a complaint styled Redys Padron v. American Sushi, LLC et al., Case No.: 16-21593-CIV-OTAZO-REYES pending in the U.S. District Court of Southern District of Florida, (hereinafter referred to as "the action") against Defendants in which Plaintiffs have made claims for unpaid minimum wages and unpaid overtime damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq.;

WHEREAS there exists a bona fide dispute between the Plaintiffs and the Defendants with respect to coverage and the amounts due to the Plaintiff pursuant to the FLSA; and

WHEREAS the parties are represented by experienced and competent counsel who have advised them in this matter;

WHEREAS the parties desire to amicably resolve the action, and therefore enter into this Agreement, and

In full consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs and Defendants agree to the following terms and conditions.

1. **Recitals.** All the foregoing recitals are true and correct and are incorporated as part of the terms and conditions.

2. **Consideration and General Release.** Defendants agree to pay to the Plaintiffs, and Plaintiffs agree to accept on behalf of themselves, their heirs, executors, successors, legal representatives, attorneys and assigns, the total settlement sum of $14,000.00 in full payment, satisfaction and release of all claims, causes of actions, suits, charges, complaints, and debts whatsoever, known or unknown, that Plaintiffs may have against the Defendants, their heirs, representatives, executors, agents, attorneys, officers, partners, managers, members, affiliates, companies, associates, successors and assigns from the date that this Agreement is executed by each Plaintiff to the beginning of the world.

3. **Settlement Payment.** Within 5 business days following the Employees' delivery to the

Page 1  JZ  , R.P

Defendants' law firm of an executed copy of this Agreement <u>and</u> an Order by the Court approving this Agreement and dismissing the entire Civil Action with prejudice, the Defendants, their affiliates, or an entity on their behalf, will pay to the Employees the total sum of FOURTEEN THOUSAND and 0/100 DOLLARS ($14,000.00) as follows:

    (a)    $2,750 as back pay less applicable payroll deductions, and $2,750 as liquidated damages, payable to REDYS PADRON for which said plaintiff shall provide the Defendants with an executed IRS Form W-9;

    (b)    $1,375 as back pay less applicable payroll deductions, and $1,375 as liquidated damages, payable to JORGE ZAPATA for which said plaintiff shall provide the Defendants with an executed IRS Form W-9;

    (c)    $5,750 payable to "Law Office of Lowell J. Kuvin," as attorneys in fact for Redys Padron and Jorge Zapata as payment of the Employees' attorney's fees and costs related to the Civil Action, which was negotiated separately and without regard to the amount paid to settle Employees' claims, for which the Kuvin Firm will provide the Defendants with an executed IRS Form W-9.

    (d)    All checks shall be delivered to Law Office of Lowell J. Kuvin, 17 East Flagler Street, Suite 223, Miami, FL 33131.

4. **Taxes and Indemnification**. Plaintiffs and their counsel shall be responsible for any taxes owed on their respective amounts set forth in paragraph 3 above, (except for the two payroll checks).

5. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **Approval and Dismissal of Lawsuit.** Within three (3) business days of the full execution of this Agreement, the parties shall submit a joint request for approval of this settlement and request for dismissal with prejudice.

7. **Agreement Not to Be Used as Evidence**. This Agreement shall not be admissible as evidence in any proceeding except one in which a party to this Agreement seeks to enforce it or one in which a court or administrative agency of competent jurisdiction orders a party to produce it.

Page 2    JZ____,    RP____

8. **Non-Admission Clause.** Furthermore, by entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

9. **Covenant Not to Sue.** Plaintiffs agree not to commence, maintain, or prosecute any action or proceeding of any kind in any court or administrative agency against the Defendants or any of their agents, attorneys, representatives, relatives, and assigns, with respect to any act, omission, transaction or occurrence up to and including the date of the execution of this Agreement. Plaintiffs also agree not to participate, cooperate or assist in any manner, whether as a witness, expert, consultant or otherwise, in any lawsuit, complaint, charge or other proceeding involving the Defendants as a party unless he is requested to do so by the Defendants, or he is compelled by subpoena or court order. Should such participation be required without the Defendants' consent, the subject plaintiff must provide the Defendants with prompt notice so that it/they may take appropriate action.

10. **Confidentiality.**

a. Plaintiffs and Defendants acknowledge that confidentiality of all terms and conditions of this Agreement is an integral part of the settlement itself, and was a material inducement for both parties to enter into this Agreement.

b. The parties agree that they will maintain the terms of this Agreement, and any and all matters relating to the settlement and the dispute in complete confidentiality. The parties will make no comments, to any person or entity, including but not limited to the media, friends, relatives, and co-workers that relate in any way to the settlement amount of the dispute, except the parties may state that "they resolved their dispute." For purposes of this Settlement Agreement, the word "comments" includes any form of communication, whether oral, written, electronic or otherwise. The parties may disclose the terms of this Agreement to their attorneys and tax preparer/accountants provided that such disclosure to the attorneys and tax preparer/accountants is made for the purposes of the attorneys and tax preparer/accountants providing legal and/or tax advice and provided the attorneys and tax preparer/accountants agree to be bound by this confidentiality section. The parties, if required by law, a Court order, subpoena, or request from a government agency, may disclose the terms of this

settlement agreement or the subject matter relating thereto without breaching these confidentiality provisions.

c. Notwithstanding the foregoing, the parties will take all actions to seek joint approval of this Agreement from the Court and agree to submit the Agreement to the Court for review and represent that the Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The plaintiffs' agree that since they remain employed by one or more of the defendant entities, a breach of this confidentiality provision is a breach of trust and shall be legitimate grounds for discipline of the breaching plaintiff, including dismissal from employment. Each plaintiff waives any legal claim for retaliation under any state or federal law in the event he is disciplined, including termination, for one or more breaches this provision.

11. **Non Disparaging Remarks.** Plaintiffs agree not to make any statements that disparage the Defendants or their reputation, or the reputations of their services to anyone. This includes, but is not limited to, making any disparaging statement or statement criticizing Defendants to any news outlet, on social media, or to any third party whatsoever. If, in the future, Plaintiffs seeks employment elsewhere, Defendants agree to only provide neutral references to prospective employers of Plaintiffs, which will be limited to Plaintiff's dates of employment, positions held, and rates of pay.

12. **No Retaliation.** Plaintiffs state that Defendants have not retaliated against them during the pendency of this action. Defendants and their management agree that they will not retaliate against Plaintiffs based on filing this action or asserting their rights pursuant to the FLSA. Plaintiffs understand and agree that they are subject to the same employment policies and disciplinary policies as any other employees of the defendants. Additionally, as set forth in paragraph 10 above, discipline based on a breach of the confidentiality provision of this Agreement shall not be considered retaliation under any federal or state law.

13. **Not A Medicare Beneficiary.** Plaintiffs specially warrant, affirm, and stipulate that they have no cognizable claims for Medicare benefits. Accordingly, each plaintiff affirms that the Centers for Medicare & Medicaid Services, including any related agency or entity representing Medicare's interests) (hereafter, "Medicare"), have no interest in the payments under this Agreement. Each plaintiffs further confirms that he is not Medicare eligible and that Medicare

Page 4   JZ   RP

does not have an interest in the settlement proceeds of this action and other Medicare related disclosures and representations. Each plaintiff represents and acknowledges that (i) he is not suffering from end stage renal failure; (ii) he is not Medicare eligible; and (iii) he has not received Social Security Disability Insurance benefits for 24 months or longer.

14. **Severability.** If a court of competent jurisdiction invalidates any provision of this agreement, all of the remaining provisions of the Agreement shall remain in full force and effect provided that both parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

15. **Voluntariness.** Plaintiffs certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that Plaintiffs have been provided sufficient time to review and understand this Agreement and they have consulted with their attorney before signing the Agreement, and that Plaintiffs are signing freely and voluntarily, and without duress, coercion, or undue influence.

16. **Rules of Construction.** The parties acknowledge that each party has had his/its counsel review and revise this Agreement, and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

17. **Enforcement**. The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. This Agreement is governed by the substantive law of the State of Florida. Each party reserves the right to enforce the terms of this Agreement. In the event that a legal action is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover her costs and attorneys' fees.

18. **Entire Agreement.** This Agreement constitutes their entire agreement with respect to this matter.

19. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Electronic transmissions and/or copies of the signature block shall be deemed enforceable.

**EACH PLAINTIFF HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND HAS CONSULTED WITH HIS ATTORNEY PRIOR TO**

Page 5   JZ   , KR

EXECUTING THIS AGREEMENT AND GENERAL RELEASE. HAVING ELECTED TO EXECUTE THIS AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEM BY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH 2 ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS. PLEASE READ CAREFULLY, THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF, each party to this Confidential Settlement Agreement and Release has caused it to be executed knowingly and voluntarily.

BY: _____[signature]_____  DATE: _____
**Plaintiff:** Redys Padron

BY: _____[signature]_____  DATE: 09/19/16
**Plaintiff:** Jorge Zapata

BY: _____  DATE: _____
**Defendant:** Walter Zapata

BY: _____  DATE: _____
**Defendant:** American Sushi, LLC

BY: _____  DATE: _____
**Defendant:** The Sushi Spot, LLC

Page 6  JZ , R.P

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASES

The parties to this Confidential Settlement Agreement and Release, (hereinafter "Agreement") are Redys Padron and Jorge Zapata (hereinafter referred to as "Plaintiffs"), and American Sushi, LLC, The Sushi Spot, LLC, and Walter Zapata (hereinafter referred to as "Defendants"), and they stipulate and agree as follows:

WHEREAS Plaintiffs filed a complaint styled Redys Padron v. American Sushi, LLC et al., Case No.: 16-21593-CIV-OTAZO-REYES pending in the U.S. District Court of Southern District of Florida, (hereinafter referred to as "the action") against Defendants in which Plaintiffs have made claims for unpaid minimum wages and unpaid overtime damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq.;

WHEREAS there exists a bona fide dispute between the Plaintiffs and the Defendants with respect to coverage and the amounts due to the Plaintiff pursuant to the FLSA; and

WHEREAS the parties are represented by experienced and competent counsel who have advised them in this matter;

WHEREAS the parties desire to amicably resolve the action, and therefore enter into this Agreement, and

In full consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs and Defendants agree to the following terms and conditions.

1. **Recitals.** All the foregoing recitals are true and correct and are incorporated as part of the terms and conditions.

2. **Consideration and General Release.** Defendants agree to pay to the Plaintiffs, and Plaintiffs agree to accept on behalf of themselves, their heirs, executors, successors, legal representatives, attorneys and assigns, the total settlement sum of $14,000.00 in full payment, satisfaction and release of all claims, causes of actions, suits, charges, complaints, and debts whatsoever, known or unknown, that Plaintiffs may have against the Defendants, their heirs, representatives, executors, agents, attorneys, officers, partners, managers, members, affiliates, companies, associates, successors and assigns from the date that this Agreement is executed by each Plaintiff to the beginning of the world.

3. **Settlement Payment.** Within 5 business days following the Employees' delivery to the

Page 1   W Z ,   _____

Defendants' law firm of an executed copy of this Agreement and an Order by the Court approving this Agreement and dismissing the entire Civil Action with prejudice, the Defendants, their affiliates, or an entity on their behalf, will pay to the Employees the total sum of FOURTEEN THOUSAND and 0/100 DOLLARS ($14,000.00) as follows:

(a) $2,750 as back pay less applicable payroll deductions, and $2,750 as liquidated damages, payable to REDYS PADRON for which said plaintiff shall provide the Defendants with an executed IRS Form W-9;

(b) $1,375 as back pay less applicable payroll deductions, and $1,375 as liquidated damages, payable to JORGE ZAPATA for which said plaintiff shall provide the Defendants with an executed IRS Form W-9;

(c) $5,750 payable to "Law Office of Lowell J. Kuvin," as attorneys in fact for Redys Padron and Jorge Zapata as payment of the Employees' attorney's fees and costs related to the Civil Action, which was negotiated separately and without regard to the amount paid to settle Employees' claims, for which the Kuvin Firm will provide the Defendants with an executed IRS Form W-9.

(d) All checks shall be delivered to Law Office of Lowell J. Kuvin, 17 East Flagler Street, Suite 223, Miami, FL 33131.

4. **Taxes and Indemnification**. Plaintiffs and their counsel shall be responsible for any taxes owed on their respective amounts set forth in paragraph 3 above, (except for the two payroll checks).

5. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **Approval and Dismissal of Lawsuit.** Within three (3) business days of the full execution of this Agreement, the parties shall submit a joint request for approval of this settlement and request for dismissal with prejudice.

7. **Agreement Not to Be Used as Evidence**. This Agreement shall not be admissible as evidence in any proceeding except one in which a party to this Agreement seeks to enforce it or one in which a court or administrative agency of competent jurisdiction orders a party to produce it.

Page 2  _WZ_ , _____

8. **Non-Admission Clause.** Furthermore, by entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

9. **Covenant Not to Sue.** Plaintiffs agree not to commence, maintain, or prosecute any action or proceeding of any kind in any court or administrative agency against the Defendants or any of their agents, attorneys, representatives, relatives, and assigns, with respect to any act, omission, transaction or occurrence up to and including the date of the execution of this Agreement. Plaintiffs also agree not to participate, cooperate or assist in any manner, whether as a witness, expert, consultant or otherwise, in any lawsuit, complaint, charge or other proceeding involving the Defendants as a party unless he is requested to do so by the Defendants, or he is compelled by subpoena or court order. Should such participation be required without the Defendants' consent, the subject plaintiff must provide the Defendants with prompt notice so that it/they may take appropriate action.

10. **Confidentiality.**

a. Plaintiffs and Defendants acknowledge that confidentiality of all terms and conditions of this Agreement is an integral part of the settlement itself, and was a material inducement for both parties to enter into this Agreement.

b. The parties agree that they will maintain the terms of this Agreement, and any and all matters relating to the settlement and the dispute in complete confidentiality. The parties will make no comments, to any person or entity, including but not limited to the media, friends, relatives, and co-workers that relate in any way to the settlement amount of the dispute, except the parties may state that "they resolved their dispute." For purposes of this Settlement Agreement, the word "comments" includes any form of communication, whether oral, written, electronic or otherwise. The parties may disclose the terms of this Agreement to their attorneys and tax preparer/accountants provided that such disclosure to the attorneys and tax preparer/accountants is made for the purposes of the attorneys and tax preparer/accountants providing legal and/or tax advice and provided the attorneys and tax preparer/accountants agree to be bound by this confidentiality section. The parties, if required by law, a Court order, subpoena, or request from a government agency, may disclose the terms of this

Page 3   WZ   , _____

settlement agreement or the subject matter relating thereto without breaching these confidentiality provisions.

c.  Notwithstanding the foregoing, the parties will take all actions to seek joint approval of this Agreement from the Court and agree to submit the Agreement to the Court for review and represent that the Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The plaintiffs' agree that since they remain employed by one or more of the defendant entities, a breach of this confidentiality provision is a breach of trust and shall be legitimate grounds for discipline of the breaching plaintiff, including dismissal from employment.  Each plaintiff waives any legal claim for retaliation under any state or federal law in the event he is disciplined, including termination, for one or more breaches this provision.

11. **Non Disparaging Remarks.** Plaintiffs agree not to make any statements that disparage the Defendants or their reputation, or the reputations of their services to anyone.  This includes, but is not limited to, making any disparaging statement or statement criticizing Defendants to any news outlet, on social media, or to any third party whatsoever. If, in the future, Plaintiffs seeks employment elsewhere, Defendants agree to only provide neutral references to prospective employers of Plaintiffs, which will be limited to Plaintiff's dates of employment, positions held, and rates of pay.

12. **No Retaliation.**   Plaintiffs state that Defendants have not retaliated against them during the pendency of this action.  Defendants and their management agree that they will not retaliate against Plaintiffs based on filing this action or asserting their rights pursuant to the FLSA. Plaintiffs understand and agree that they are subject to the same employment policies and disciplinary policies as any other employees of the defendants. Additionally, as set forth in paragraph 10 above, discipline based on a breach of the confidentiality provision of this Agreement shall not be considered retaliation under any federal or state law.

13. **Not A Medicare Beneficiary.**  Plaintiffs specially warrant, affirm, and stipulate that they have no cognizable claims for Medicare benefits. Accordingly, each plaintiff affirms that the Centers for Medicare & Medicaid Services, including any related agency or entity representing Medicare's interests) (hereafter, "Medicare"), have no interest in the payments under this Agreement. Each plaintiffs further confirms that he is not Medicare eligible and that Medicare

Page 4    *WZ*,  _____

does not have an interest in the settlement proceeds of this action and other Medicare related disclosures and representations. Each plaintiff represents and acknowledges that (i) he is not suffering from end stage renal failure; (ii) he is not Medicare eligible; and (iii) he has not received Social Security Disability Insurance benefits for 24 months or longer.

14. **Severability.** If a court of competent jurisdiction invalidates any provision of this agreement, all of the remaining provisions of the Agreement shall remain in full force and effect provided that both parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

15. **Voluntariness.** Plaintiffs certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that Plaintiffs have been provided sufficient time to review and understand this Agreement and they have consulted with their attorney before signing the Agreement, and that Plaintiffs are signing freely and voluntarily, and without duress, coercion, or undue influence.

16. **Rules of Construction.** The parties acknowledge that each party has had his/its counsel review and revise this Agreement, and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

17. **Enforcement.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. This Agreement is governed by the substantive law of the State of Florida. Each party reserves the right to enforce the terms of this Agreement. In the event that a legal action is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover her costs and attorneys' fees.

18. **Entire Agreement.** This Agreement constitutes their entire agreement with respect to this matter.

19. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Electronic transmissions and/or copies of the signature block shall be deemed enforceable.

        **EACH PLAINTIFF HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND HAS CONSULTED WITH HIS ATTORNEY PRIOR TO**

Page 5  _WZ_ , _____

EXECUTING THIS AGREEMENT AND GENERAL RELEASE. HAVING ELECTED TO EXECUTE THIS AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEM BY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH 2 ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS. PLEASE READ CAREFULLY, THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF, each party to this Confidential Settlement Agreement and Release has caused it to be executed knowingly and voluntarily.

BY: _____   DATE: _____
**Plaintiff:** Redys Padron

BY: _____   DATE: _____
**Plaintiff:** Jorge Zapata

BY: _____[signature]_____   DATE: 09/19/16
**Defendant:** Walter Zapata

BY: _____[signature]_____   DATE: 09/19/16
**Defendant:** American Sushi, LLC

BY: _____[signature]_____   DATE: 09/19/16
**Defendant:** The Sushi Spot, LLC

Page 6   _WZ_ , _____